**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ADRIA MOORE,**

      **Petitioner,**

**vs.**                              **4:09cv381-SPM/WCS**

**WALTER McNEIL,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Petitioner Moore filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 22, 2009 (the date of Petitioner's signature).  Doc. 1.  Respondent filed a motion to dismiss the petition as untimely filed, and Petitioner filed a memorandum in opposition.  Docs. 7 and 9.  References to exhibits are to those supplied in paper form in support of the motion to dismiss.  Doc. 7, pp. 17-18 (index to exhibits in ECF) (Electronic Case Filing).

Petitioner Moore challenges the judgment of the Second Judicial Circuit in and for Gadsden County, case number 04-761-CFA.  Petitioner alleges that he was arrested in Gadsden County on October 2, 2004, released to Leon County on October 14, 2004, and filed a demand for speedy trial on January 12, 2005.  Doc. 1, p. 4.  He claims he

filed a notice of expiration of speedy trial on April 5, 2005, but the court never held a

hearing in accordance with Fla.R.Crim.P. 3.141(p). *Id.* He alleges he went to trial on

January 4, 2006. *Id.* Petitioner asserts that he entered a nolo contendere plea to theft

and dealing in stolen property on January 11, 2006, and on August 10, 2006, was

sentenced to seven years and five years, to be served concurrently. *Id.* He contends

that he was entitled to be brought to trial within 60 days of his demand for speedy trial,

and was entitled to a hearing no later than five days from filing the notice of expiration of

the speedy trial time. *Id.*, p. 5.

> In default thereof, the Speedy Trial Rule requires the Petitioner's
> discharge as the amorphous quality of the right also leads to the
> unsatisfactorily severs [sic] remedy of dismissal of the indictment when the
> right has been deprived. . . . [F]ailure of the trial court to consider
> Petitioner's claim did result in a miscarriage of justice that lead to
> fundamental [sic] that violated Petitioner's Constitution[al] rights.

*Id.*, citing Fla.R.Crim.P. 3.191 and 3.191(p).

**Procedural History**

On January 4, 2006, in case number 04-761-CFA, Petitioner was acquitted by a

jury of possession of a firearm by a convicted felon as charged in count one (severed

from counts two and three for trial). Ex. A, pp. 25-26; Ex. Q, p. 28. On January 11,

2006, Petitioner entered a no contest plea to dealing in stolen property and grand theft

of a firearm (the remaining two counts) and was sentenced to 465 days (time served)

and three years probation. Ex. A, pp. 27-41. Petitioner indicated in signing the plea

agreeement that he understood, *inter alia*, that he was giving up his right to trial and to

present any defenses he might have. *Id.*, p. 28. The judgment was rendered on

January 11, 2006, with the order of probation signed on January 24, 2006 (nunc pro tunc to January 11, 2006). *Id.* Petitioner did not appeal.

A few months later, Petitioner was charged with violating his probation, and on revocation was sentenced to concurrent terms of seven and five years. Ex. A, pp. 44-65. He appealed, Exs. C and D (initial briefs), and the judgment was affirmed on August 14, 2007. Ex. E. Petitioner did not file a petition for writ of certiorari, and the time for doing so expired on November 12, 2007.

Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court on October 17, 2007 (the date of his signature). Ex. F. It was transferred to the circuit court for consideration as a postconviction motion pursuant to Fla.R.Crim.P. 3.850. Ex. G. On February 19, 2008, the circuit court entered an order on the motion as transferred, with the subsequently filed motion to supplement or amend, dismissing the motion for post conviction relief without prejudice to filing a proper Rule 3.850 motion in 30 days, "failing which this cause will be dismissed with prejudice." Ex. J. Petitioner did not amend (instead filing a petition in this court as set forth ahead), and on May 6, 2008, the circuit court dismissed the motion with prejudice. Ex. K. The order advised Petitioner he had 30 days to appeal. *Id.* He did not appeal.

Petitioner filed a § 2254 petition on February 25, 2008 (the date of his signature). Doc. 1 in case 4:08cv86-WS/AK. An order was entered noting that while Petitioner acknowledged he did not want the state court to consider his postconviction motion, exhaustion of available state court remedies was required before § 2254 relief could be granted. Doc. 2 in that case. He was therefore directed to file an amended

petition.  *Id.*[1]  The amended petition was rejected as setting forth only state law claims, and Petitioner was again directed to amend.  Doc. 14 in that file.  By report and recommendation dated October 14, 2008, it was recommended that the § 2254 proceeding be dismissed without prejudice for failure to exhaust available state court remedies.  Doc. 16 in that case (copy supplied as Ex. O in this case).  It was noted that Petitioner had refused to file an amended Rule 3.850 motion, that a second Rule 3.850 motion was not likely barred since there had been no decision on the merits, and that he should act promptly to file a Rule 3.850 motion in state court for a future § 2254 petition to be timely.  *Id.*, p. 3.  Petitioner was advised that the time the federal petition was pending did not toll the one year limitations period.  *Id.*  The recommendation was adopted and judgment entered on the docket on December 5, 2008.  Docs. 20 and 21.  A motion to alter or amend judgment was denied.  Docs. 22 and 23.  Petitioner did not appeal.

Petitioner submitted a "motion for criminal contempt" to the Florida Supreme Court, filed by the clerk on October 17, 2008, and treated as a petition for writ of habeas corpus.  Ex. L.  By order of November 14, 2008, it was dismissed as relief was unauthorized.  Ex. M.

Petitioner filed a second Rule 3.850 motion on January 22, 2009 (the date of his signature).  Ex. Q (composite exhibit), pp. 1-27.  By order of January 28, 2009, the motion was dismissed as untimely, and the ruling was affirmed by mandate issued July

---

[1] He was actually directed to file a second amended petition, doc. 5, but at the time had only filed one (initial) petition.  The second petition (doc. 6, docketed as the second amended petition) was his first amended petition; the third petition (doc. 15, docketed as third amended petition) was his second amended petition.

21, 2009. *Id.*, pp. 28-29, Ex. U. Petitioner filed the current § 2254 petition on September 22, 2009.

**Arguments**

Respondent asserts that the § 2254 petition was not timely filed within the one year limitations period of § 2244(d), that the one claim raised in the § 2254 petition was not properly exhausted and is now procedurally barred in state court, and that Petitioner has at best raised a state law issue not cognizable under § 2254. Doc. 7, pp. 6-16. The last is addressed first.

**Speedy Trial Claim**

According to the trial court's order denying Rule 3.850 relief in case number 2004CF761, a bench warrant was issued on October 14, 2004, but Petitioner was not present at case management conferences as he had been released from the Leon County Jail to custody of the Florida Department of Corrections (DOC) on December 8, 2004. Ex. Q, p. 28. He was released from DOC custody on June 1, 2005, and the bench warrant was executed the same day. *Id.* The "progress docket" for that case shows that the bench warrant was issued and the probable cause affidavit filed on October 14, 2004, but the bench warrant was not executed and Petitioner was not arrested until June 1, 2005. Ex. PD-1, p. 1. His first appearance was held on June 2, 2005, and counsel was appointed. *Id.*, p. 2.

The information was filed on May 2, 2005. Ex. A (record on appeal) p. 9.[2] Amended informations were filed on October 10 and 20, 2005, and January 4, 2006.

---

[2] This is page 9 of the record on appeal; the first eleven pages of the exhibit are of the docket, followed by p. 1 of the record on appeal.

*Id.*, pp. 21, 22, 25. Petitioner was acquitted by a jury of the one charge on January 4, 2006, and entered his plea on the remaining two counts on January 11, 2006. *Id.*

Petitioner filed his demand for speedy trial and notice of expiration of speedy trial in January and April of 2005, respectively, *before* execution of the warrant or his arrest in June of 2005, or the filing of the information in May of 2005. Even as a matter of state law,[3] therefore, it is not clear that he has a claim.

But certainly Petitioner has not alleged any facts to support a federal constitutional claim cognizable under § 2254. The right to trial in a certain number of days is not the same as the constitutional right to speedy trial, measured not by specific days but by tests of reasonableness and prejudice. *See* Vermont v. Brillon, 556 U.S. __ , 129 S.Ct. 1283, 1290, 173 L.Ed.2d 231 (2009) (noting that the constitutional right to speedy trial is "amorphous," "slippery," "necessarily relative," "consistent with delays and depend[ent] on circumstances," and cannot be quantified in specific days or months) (*discussing* Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), other citations omitted). *See also* State v. Naveira, 873 So.2d 300, 308 (Fla. 2004) (the speedy trial right under Rule 3.191 is not coextensive with broader constitutional right, which is measured by tests of reasonableness and prejudice rather than a specific number of days) (collecting Florida cases).

---

[3] A notice of expiration of speedy trial time filed before the time expires (175 days after arrest) is invalid and shall be stricken on motion of the prosecutor. Rule 3.191(a), (h). The time runs from the date the person is arrested as a result of the crime charged, or the person is served with a notice to appear in lieu of physical arrest. Rule 3.191(a) and (d). After an indictment or information is filed, the person charged may demand a trial within 60 days, and if not brought to trial in that time should be discharged unless the court finds discharge not appropriate under Rule 3.191(j). Rule 3.191(b). But a demand by an accused who has not diligently investigated the case or is not prepared for trial shall be stricken as invalid on motion of the prosecution. Rule 3.191(g).

Though Petitioner has made conclusory references to the constitutional right to speedy trial, he primarily relies on the purported failure to comply with Fla.R.Crim.P. 3.191 and the passage of a certain number of days. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)); Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991) (quoting Lewis, other citation omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.*, at 67-68, 112 S.Ct. at 480 (citations and footnote omitted).

Petitioner does not allege any facts to support a showing of prejudice, which is a "necessary ingredient" to a constitutional speedy trial claim. Reed v. Farley, 512 U.S. 339, 353, 114 S.Ct. 2291, 2299, 129 L.Ed.2d 277 (1994) (citing Barker); *see also* Seymore v. State of Alabama, 846 F.2d 1355, 1357, n. 2 (11th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989) (habeas petition alleged a violation of federal law, *i.e.*, the speedy trial provision of the Interstate Agreement on Detainers Act, but not the Constitution; while the constitutional right to speedy trial "was mentioned in some briefs," petitioner did not allege facts showing prejudice, so relief under the Sixth Amendment was properly denied). Indeed, Petitioner was acquitted on the first of three charges, and thereafter entered a plea which resulted in imposition of probation but no additional imprisonment (unless and until he violated probation). Petitioner has not alleged any prejudice due to any delay which occured before filing of the information or before trial,

and none is apparent.  The petitioner should be denied on the merits.  The court should

not so rule, however, as the petition is untimely and the claim is unexhausted.

**Timeliness**

It also appears the § 2254 petition is untimely, although the court does not follow

Respondent's calculation of the limitations period.  The calculation matters in some

cases, though not in this one.

The one year period begins to run from the latest the of four possible dates, the

only applicable one here being the date on which the judgment became final upon "the

conclusion of direct review or the expiration of the time for seeking such review."  U.S.C.

§ 2244(d)(1)(A).[4]  The limitations period is tolled while "properly filed" applications for

relief from the judgment at issue are pending in state court.  § 2244(d)(2).

Respondent asserts that the relevant judgment, for purposes of determining

when the judgment became final under § 2244(d)(1)(A), was the initial judgment

imposing probation, rather than the imposition of sentence on revocation of probation.

Doc. 7, pp. 8-10.  Respondent also argues that any challenges to the revocation did not

toll the time under § 2244(d)(2) as they did not go to the original sentence.  *Id.*, citing

Franklin v. Florida, 2009 WL 2386108 (M.D. Fla. 2009) (other citations omitted).

The Eleventh Circuit has explained that the judgment which triggers the

limitations period is the judgment of conviction *and* the sentence being served.  Ferreira

v. Secretary, Dept. of Corrections,  494 F.3d 1286, 1293 (11th Cir. 2007), f*ollowing*

---

[4] The other possible dates are set forth in § 2244(d)(1)(B), (C), and (D).

Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).[5]  *See* 494 F.3d

at 1287-88 (noting that the case had been remanded for reconsideration by the

Supreme Court in light of Burton).  The court found the corrected judgment (imposed

after postconviction relief was granted and petitioner resentenced) was the judgment

which controlled the statute of limitations, even when the challenge was only to the

original conviction, "because the period begins to run when both the conviction *and*

sentence are final."  494 F.3d at 1291-93.  "What this Court has previously called the

judgment of conviction and the sentencing judgment together form the judgment that

imprisons the petitioner."  *Id.*, at 1293.

In Franklin, referenced by Respondent, the Middle District found that:

> Although Rainey was overruled in [Ferreira], Ferreira does not control the
> instant case, because it involved a corrected sentence, not a probation
> revocation.  The judgment under which Petitioner is now in custody is the
> judgment revoking his probation.  Therefore, this Court concludes that, for
> claims addressing only the original conviction after a revocation of
> probation, the one year statute began to run when direct review of the
> original sentence ended, not from the date of the revocation of probation
> conviction.

2010 WL 2386108, at *2 (citations omitted).  The court also found that state collateral

proceedings related to the violation of probation, which did not relate to the original

---

[5] In Burton, a § 2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing.  Burton, 127 S.Ct. at 795-796.  The Court found this was an unauthorized second or successive petition over which the district court lacked jurisdiction.  The time limit was discussed in rejecting Petitioner Burton's argument that, had he not filed his § 2254 petition until remedies were exhausted regarding the resentencing, his challenges to the underlying conviction would have been time barred.  127 S.Ct. at 798.  The Court said the sentence is the judgment, and "Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' – which occured well after Burton filed his [initial] petition."  *Id.*, at 798-799.

conviction, did not toll the one year under § 2244(d)(2) for claims related to the original conviction. *Id.*, at *3.

It is not clear that <u>Ferreira</u> is so easily distinguished, or that counting the date differently (depending on whether the challenge is to the original conviction or the sentencing) is consistent with its rationale. In <u>Rainey</u> the Eleventh Circuit held "that when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final," and "[a] challenge to resentencing is essential to a petitioner's obtaining the benefit of a later limitations period under the AEDPA." <u>Rainey v. Sec'y for the Dep't of Corr.</u>, 443 F.3d 1323, 1326, 1327 (11th Cir. 2006). In <u>Rainey</u> and the earlier panel opinion in <u>Ferreira</u>, the Eleventh Circuit had "addressed the conviction and sentence as separate and distinct judgments, each triggering the statute of limitations *depending on what claims the petitioner included in his habeas application*," (*i.e.*, whether the claims went to the original conviction or resentencing), but "*[t]his framework is altered by the holding in Burton*." 494 F.3d at 1289 (emphasis added). Those cases were therefore overruled to the extent inconsistent with <u>Burton</u>. *Id.*, at 1293.

This court has previously found that, where a petitioner was in custody pursuant to a judgment and sentence later imposed on revocation of probation, <u>Ferreira</u> required that the time commence from the latter. *See* <u>Rolle v. McDonough</u>, 4:06cv293-

SPM/WCS doc. 46, pp. 4-9[6] (as adopted by the court in doc. 48, entered on the docket

March 14, 2008 ) and doc. 62, pp. 3-4 and n. 3 (adopted by the court in doc. 67, entered

on the docket on April 23, 2009).[7]

Following this rationale, the operative date would be November 12, 2007, the

date on which the revocation of probation judgment became final.[8]  But even

commencing from this later date, the § 2254 petition is untimely because the time was

not tolled while the second Rule 3.850 was filed.  That motion was dismissed as

untimely by the state trial court, finding "absolutely no reason why Defendant couldn't

---

[6] As I noted there (doc. 46 at p. 8), on the same date as the Ferreira opinion, a different panel of the Eleventh Circuit issued the opinion in Mattern v. Secretary for the Department of Corrections, 494 F.3d 1282 (11th Cir. 2007).  The petitioner was sentenced to probation and then later sentenced on revocation of probation; he challenged the sentence on revocation.  The court said that, if the time was triggered from the date of the original judgment under § 2244(d)(1)(A), then the petition was untimely.  Id., at 1286.  As Petitioner claimed he did not know the factual predicate of his challenge to that judgment until the probation revocation, however, an evidentiary hearing was necessary to determine whether the later date would trigger the one year period under § 2244(d)(1)(D).  Id.  Mattern was not remanded in light of Burton (as Ferreira had been), and the court did not consider it.  The district court had actually found the petition was moot, and specifically declined to address timeliness.  Id., at 1284-85 and n. 4.

[7] In the second recommendation I noted that, in cases decided after adoption of the first recommendation, the Middle and Southern Districts had both found revocation of probation did not affect the date of finality, and had distinguished Ferreira because it involved a corrected sentence.  Doc. 62 in that case, p. 3, n. 3, citing Wright v. Florida, 2008 WL 1986184 (M.D. Fla. May 6, 2008) and Hathcock v. McDonough, 2008 WL 2814868 (S.D. Fla. July 22, 2008).  Like Franklin, these distinguish Ferreira as involving resentencing rather than a sentence imposed on probation revocation, and note that the § 2254 claims attacked only the original conviction and not the sentencing on revocation of probation.

[8] Petitioner took a direct appeal and the judgment was affirmed on August 14, 2007.  Exs. C, D, and E.  As Petitioner did not file a petition for writ of certiorari, the judgment was final when the 90 days for filing expired.  See McCloud v. Hooks  560 F.3d 1223, 1227 (11th Cir. 2009).

pursue timely his state remedies, other than he just thought it would not do any good."

Ex. Q, pp. 28-29.[9]   When a postconviction petition is rejected as untimely by the state

court, 'that [is] the end of the matter' for purposes of § 2244(d)(2).  Pace v. DiGuglielmo,

544 U.S. 408, 417, 125 S.Ct. 1807, 814, 161 L.Ed.2d 669 (2005), *quoting* Carey v.

Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002); Allen v.

Siebert, 552 U.S. 3, 7, 128 S.Ct. 2, 4-5, 169 L.Ed.2d 329 (2007) (because petition for

postconviction relief was rejected as untimely by the state courts, it was not "properly

filed" and petitioner was not entitled to tolling under § 2244(d)(2)).

If the judgment became final on November 12, 2007, no part of the one year

elapsed before June 5, 2008, as the state petition for writ of habeas corpus remained

pending from the time it was filed in the Florida Supreme Court (prior to when the

sentencing judgment became final) through transfer to the circuit court, dismissal as a

Rule 3.850 motion, and expiration of the 30 days to appeal.  Some 134 days of the one

year period elapsed between June 5, 2008, and the filing of Petitioner's motion for

criminal contempt on October 17, 2008.[10]

The contempt motion was dismissed by the Florida Supreme Court as

unauthorized on November 17, 2008, and Petitioner presumably had 15 days to seek

rehearing.  Fla.R.App.P. 9.330(a).  Commencing the time again on December 2, 2008,

---

[9]  The court further noted that Petitioner waived his right to any trial, speedy or
otherwise, and had stated on the plea form he was satisfied with his lawyer, whereas
"[a]ngst over not having a 'speedy trial' is an ordinary matter which he should not have
lied about on the plea form, if he indeed had any complaints about not having a speedy
trial."  *Id.*  This was also deemed to be a claim which should be raised on direct appeal,
as "[c]ollateral attack is not simply a second appeal or a chance to 'redo.' "  *Id.*

[10]  Petitioner's first § 2254 petition, as he was advised in that case, did not toll the
time.

and counting all the days the untimely (and therefore not properly filed) Rule 3.850 was pending in state court, another 294 days elapsed before the § 2254 petition was filed. Well over a year of untolled time had passed, and this § 2254 petition is untimley.

**Exhaustion and Default**

It also appears that the § 2254 claim was not properly exhausted and is procedurally barred.[11]  The state court rejected the second Rule 3.850 motion (raising this claim) on the procedural grounds of untimeliness, waiver by the plea agreement, and failure to raise on appeal.  Ex. Q, pp. 28-29.  Petitioner does not allege cause or prejudice for these defaults, or actual innocence.

**Certificate of Appealability**

The § 2254 petition is untimely, and raises a claim not properly exhausted and procedurally defaulted.  Most importantly, facts in support of a constitutional speedy trial claim have never been alleged, and Petitioner has at best alleged a violation of state law.  As Petitioner has not alleged a violation of the Constitution or laws of the United States under § 2254, whether the petition is timely or the claim properly exhausted is really beside the point.  *See* Engle v. Isaac, 456 U.S. 107, 121, n. 19, 102 S.Ct. 1558, 1568, n. 19, 71 L.Ed.2d 783  (1982) (agreeing that claim was insufficient to support

---

[11] A petition may be granted only if the petitioner properly exhausted claims in state court, but may be denied on the merits notwithstanding the lack of exhaustion.  § 2254(b)(1) and (2).  To exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).  Claims fairly presented to the state courts are referred to as *properly* exhausted, to distinguish them from claims which are technically exhausted because procedurally barred.  *Id.*, at 848, 119 S.Ct. at 1734 (citing the dissenting opinion of Justice Stevens, *Id.*, at 854, 119 S.Ct. at 1737).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," the last of which is defined as actual innocence.  Coleman v. Thompson, 501 U.S. 722, 748, 750, 111 S.Ct. 2546, 2564-65, 115 L.Ed.2d 640 (1991).

habeas relief, but not categorizing insufficiency as lack of prejudice for procedural default: "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts.").

Therefore, even if this court's determination of untimeliness or procedural bar is somehow flawed, the petition should be dismissed on the merits. Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2); *see also* § 2254 Rule 11(a) (the district court must issue or deny a certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss, doc. 7, be **GRANTED**, that the § 2254 petition, challenging the judgment of the Second Judicial Circuit, in and for Gadsden County, case 04-761-CFA, be **DISMISSED WITH PREJUDICE**, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2010.

 S/     William C. Sherrill, Jr.            
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.